ACCEPTED
15-25-00123-CV
FIFTEENTH COURT OF APPEALS
AUSTIN, TEXAS
11/20/2025 12:51 PM
CHRISTOPHER A. PRINE
CLERK

**NO. 15-25-00123-CV**

In the Fifteenth Court of Appeals

Austin, Texas

FILED IN
15th COURT OF APPEALS
AUSTIN, TEXAS
11/20/2025 12:51:02 PM
CHRISTOPHER A. PRINE
Clerk

**WHITTNEY FORD,**

APPELLANT**,**

v.

**THE UNIVERSITY OF TEXAS AT AUSTIN** AND **JIM DAVIS,** IN HIS OFFICIAL CAPACITY AS **PRESIDENT OF THE UNIVERSITY OF TEXAS AT AUSTIN,**

APPELLEES**.**

Interlocutory Appeal from the 261st Judicial District Court,

Travis County, Texas

Trial Court Cause No. D-1-GN-24-002171

The Honorable Maria Cantu Hexsel, Judge Presiding

**WHITTNEY FORD'S REPLY BRIEF**

WHITTNEY FORD
PRO SE
4151 WELLBORN ROAD, APT#1101A
BRYAN, TEXAS 77801
(979) 264 – 4944
WJACKSONFORD@GMAIL.COM

**ORAL ARGUMENT REQUESTED**

## TABLE OF CONTENTS

TABLE OF AUTHORITIES...................................................................................... iii

PRELIMINARY STATEMENT..............................................................................1

SUMMARY OF THE REPLY ................................................................................4

DISPUTE OF APPELLEES STATEMENT OF FACTS ..........................................6

MORE FACTS ....................................................................................................10

INTRODUCTION ...............................................................................................12

I request categorically public information not confidential by law.....................12

Narrow construal of exceptions requires defining the situation at issue as the 2022 UTC Program Grant Competition. ............................................................15

U.T. Austin impermissibly conflates its employee with itself, the governmental body.....................................................................................................................16

As a grant recipient, The University of Texas at Austin is not authorized to establish a reoccurrence of the situation at issue, the 2022 UTC Program Grant Competition. ......................................................................................................17

Neither the University or its President or Texas Attorney General have satisfied the "specific and demonstrable intent" required of Tex. Gov't Code § 552.104(a), to qualify its applicability toward information responsive to R005536-120223. 18

Because The University of Texas at Austin and its President, and the Texas Attorney General fail to provide any relevant evidence sustaining any exemption to mandatory disclosure to information responsive to R005536-120223 at the University, sovereign immunity does not bar my mandamus claim against the University, and my claim is viable. Appellees' brief arguments IV and V are thus bogus, and all their contentions here and below made to harass, delay, and confuse, to illegally deny my entitlement to complete information about The University of Texas at Austin. ...........................................................................20

ARGUMENT AND AUTHORITIES ....................................................................22

Jurisdictional arguments are not waived on appeal...........................................22

The trial court did err as a matter of law because prerequisites for suit for mandamus against The University of Texas at Austin were and are met............23

Under an abuse of discretion standard, a trial court abuses its discretion when its decision is arbitrary, unreasonable, and without reference to guiding principles. ...................................................................................................................25

After 600 and more days, without releasing all categorically public information responsive to R005536-120223, the University hinges its defense on a lies. .......26

CONCLUSION AND PRAYER ...............................................................................33

CERTIFICATE OF COMPLIANCE ........................................................................35

CERTIFICATE OF SERVICE ................................................................................35

# TABLE OF AUTHORITIES

**TEXAS CASES**

*Alamo Heights Ind. Sch. Dist. v. Clark*, 544 S.W.3d 755, 2018 Tex. App. LEXIS 271\*\*, 2018 WL 1692367, (Tex.................................................................22

*B.W.B v. Eanes Independent Sch. Dist.*, 2018 Tex. App. LEXIS 223, 2018 WL454783 .......................................................................... 29, 30, 32

*City of Georgetown v. Putnam*, 646 S.W.3d 61, 2022 Tex. App. LEXIS 1984 \*\*, 2022 WL 883856 .................................................................24

*In re Tex. Dow Emps. Credit Union*, 2024 Tex. App. LEXIS 2110\*, 2024 WL 1301212 .............................................................................26

*Kallinen v. City of Houston*, 462 S.W.3d 25 (Tex. 2015) .........................................23

*Muir v. Univ. of Tex. at Austin*, 2023 Tex. App. LEXIS 4407\*, 2023 WL 411084324

*Qatar Found. v. Zachor Legal Inst.*, 627 S.W.3d 674.................................................2

*San Antonio Water Sys. v. Nicholas*, 461 S.W.3d 131.................................................23

*San Antonio Water Sys. v. Nicholas*, 461 S.W.3d 131, 2015 Tex. LEXIS 344 \*\* ...22

*Texas State Bd. of Veterinary Med. Exam'rs v. Giggleman*, 408 S.W.3d 696, 699 (Tex. App.—Austin[3rd.] 2013, no pet.) ...............................................32

**TEXAS STATUTES**

Tex. Gov't Code § 311.006(2) ...............................................................23

Tex. Gov't Code § 552.001 ...................................................................3

Tex. Gov't Code § 552.001(b) ................................................................3

Tex. Gov't Code § 552.022 (3) ..............................................................22

Tex. Gov't Code § 552.022 (5) ..............................................................15

Tex. Gov't Code § 552.022(a) ...............................................................12

Tex. Gov't Code § 552.104(a) ........................................................... passim

Tex. Gov't Code § 552.224 ....................................................................3

Tex. Gov't Code § 552.301(e-1) .............................................................27

Tex. Gov't Code § 552.321(a) ........................................................... passim

**OTHER AUTHORITIES**

Tex. R. Evid. 201(d).........................................................................10

**TEXAS RULES OF CIVIL PROCEDURE**

Tex. R. Civ. P 166a(c) ..................................................................................1, 17

Tex. R. Civ. P 166a(c). ........................................................................................6

Texas Government Code § 552.326........................................................................9

# PRELIMINARY STATEMENT

Mandamus should issue to The University of Texas at Austin, not because I allegedly alleged a "botched PIA request", Appellees Brief pg. 14, which I did not, but because the withheld information I requested of the University, 600 and more days ago, is categorically public information, and not confidential and as explained here and below, not excepted through Tex. Gov't Code § 552.104(a).

To make de novo review easier, open appellees brief in a browser such as Google Chrome, or Microsoft Edge and perform a ctrl+f, by pressing and holding the ctrl key and the f key simultaneously for at most a millisecond and search the word "confidential". Confidential does not appear, and so this Court is left with determining whether I presented a genuine issue of material fact as to whether Tex. Gov't Code § 552.104(a) applies to information responsive to request R005536-120223 at The University of Texas at Austin, thus precluding a grant of summary judgment. This Court must determine whether the unsworn declaration of a single individual is sufficient to establish establishment of a federal grant program in the future. This Court must determine whether the flagship University of Texas met its burden of proof under Tex. R. Civ. P 166a(c).

This Court should reverse the order appealed from below and remand this case back down because at the summary judgment stage, my only burden was to proffer

a genuine issue of material fact, which there are plenty still unresolved. But I was never given a fair trial to begin with, and as I demanded, I request as many members of the public as possible participate in securing this entitlement to public information.

Judicial review of attorney general decisions across open records requests is granted under the Civil Enforcement Subchapter of Tex. Gov't Code Chapter 552. This has been maintained by several courts across Texas across a growing number of public information controversies. Even foreign entities are allowed to sue the Texas Attorney General under Chapter 552. See *Qatar Found. v. Zachor Legal Inst.*, 627 S.W.3d 674, 2021 Tex. App. LEXIS 2817**. Thus, attorney general open record opinions do not negate or strip subject matter jurisdiction from Texas trial courts. Attorney general opinions are not material of the waiver to sovereign immunity under Tex. Gov't Code § 552.321(a), requests are; and neither the attorney general, nor the University of Texas at Austin or its President provide any evidence to the trial court below, or here, that information responsive to R005536-120223, at The University of Texas at Austin is excepted from disclosure, or confidential and thus a presumption of public information is unnecessary as the information requested is categorically public information.

It is the policy of the State of Texas that "each person is entitled, unless otherwise expressly provided by law, at all times to complete information about the affairs of

government and the official acts of public officials and employees." Tex. Gov't Code § 552.001. Tex. Gov't Code § 552.224, "the officer for public information or the officer's agent shall give to a requestor all reasonable comfort and facility for the full exercise of the right granted by this chapter [Tex. Gov't Code Chapter 552]." Thus, liberally construing the act, Tex. Gov't Code § 552.001(b), any reasonable argument, at any time, that secures the entitlement consistent with the policy is timely. Because the entitlement to public information exists at all times, this Court may properly allow and consider any argumentation that secures the entitlement, at any time, before final judgment.

My original public information request to The University of Texas at Austin includes [1] The Application to the 2022 UTC Competition, mandated under Bipartisan Infrastructure Law, for the Center for Understanding Future Travel Behavior and Demand, [2] The Letter of Intent for 2022 UTC Competition by the University of Texas at Austin, [3] The Negotiated overhead and fringe benefit rates concerning the Center for Understanding Future Travel Behavior and Demand, [4] The University Transportation Centers Program Umbrella Grant Agreement for a National UTC, between US DOT OST and University of Texas Austin, and [5] Any and all materials concerning the Center for Understanding Future Travel Behavior and Demand and University Transportation Centers. RR 39. This request is identified by The University of Texas at Austin as R005536-120223.

I sustain all my arguments in my opening brief and supplement them with this reply brief to the appellees'. My only burden at the summary judgment stage was to produce a genuine issue of material fact. I presented several. Here, in total antagonism toward the policy of Texas, and opposite the motivations of UTC Program, Appellees request this court and the public to suspend all logic and abandon all amounts of literary comprehension to illegally deny my entitlement to the application for the Center For Understanding Future Travel Behavior and Demand for the 2022 University transportation centers program as established by the Bipartisan Infrastructure Law and administered by the U.S. Department of Transportation. Appellees have never produced evidence stripping Travis County trial courts of jurisdiction over the information requested. Appellees did not meet the burden for summary judgment and cannot meet that burden. Travis County trial courts did deny me a fair trial.

## SUMMARY OF THE REPLY

Texas State Law determines what information is excepted from mandatory disclosure of The University of Texas at Austin, not The University of Texas at Austin, nor the Texas Attorney General or any professor at any University. Neither the University nor its President nor the Attorney General have provided any relevant evidence establishing applicability of any exemption from mandatory disclosure toward any information responsive to public information request the University has

identified as R005536-120223. Appellees cannot and did not. As I told the court at the July 15, 2025, plea hearing, the Texas Attorney General as advocate and witness was repeatedly making false statements of fact and continue those false statements here in the Appellees Brief. It is not logical to override federal pronouncement that "no information is available at this time about the possibility of, or timeline for, any future UTC Program competitions" with the self-serving speculation of a single university professor. There simply is no proof that the 2022 UTC Program Grant Competition will reoccur anytime in the future and therefore no demonstration of intent to enter the 2022 UTC Grant Program in the future, because it is closed. Maintaining the University's and Attorney General's preposterousness, there was no reasoning published with the order appealed from below.

No, I do not allege that the University or its President "botched" my PIA request as the appellees state in their brief pg. 14. I specifically define how the University intentionally falsified an exhibit it submits as summary judgment evidence; I specifically show how Tex. Gov't Code § 552.104(a) as mentioned in OR2024-007930, does not apply to information responsive to R005536-120223; I specifically show that the University never identified an exemption to mandatory disclosure of information responsive to my December 2, 2023 Texas Public Information request and how after 600 and more days mandamus is warranted. It takes a lot more effort and attention than mere "clumsy" work to pull off a deception such as the one carried

on now, because after I identified and complained of the so called "clumsy work", the University, its President and the Texas Attorney General responded immunity allows such. Even though each could elect to remedy the "clumsy work" without judicial review, they elect to maintain "clumsy work." I allege intentional fraud. Since the President is the chief administrative officer for The University of Texas at Austin, the President is responsible for providing access to public information as soon as practical, and he failed this duty here, and failed his duties to provide reasonable comfort and facility for the exercise of the right under Texas Government Code Chapter 552. The duty of the President to release all information responsive to R005536-120223 at The University of Texas at Austin remains.

Put simply, no relevant evidence exists to sustain application of Tex. Gov't Code § 552.104(a) across any information responsive to public information request R005536-120223 at the University of Texas at Austin. Therefore, the University cannot meet the burden under Tex. R. Civ. P 166a(c). Travis County District Courts did err as a matter of law. This Court should reverse and remand.

## DISPUTE OF APPELLEES STATEMENT OF FACTS

I dispute the recollection of facts as submitted in Appellees' brief pgs. 4-8.

Continuing its deceitful practice, The University of Texas at Austin combine false statements with a true statement as if the combination made every statement true.

The appellees brief pg. 4 ends its first statement of fact with "UT Austin then sent the Request to The University of Texas System (UT System) to request an opinion from the Open Records Division of the Texas Attorney General's Office (OAG).[2] Supp. CR. 614."

The University of Texas at Austin has not provided any evidence that it submitted a request for an attorney general decision as described by UTS 139. The University does not commit to the requirement under UTS 139, and its own Exhibit A is proof of its noncommitment. This Court may take judicial notice that UTS 139, available at the following URL: https://www.utsystem.edu/sites/policy-library/policies/uts-139-compliance-texas-public-information-act is binding on The University of Texas at Austin and announces, " … [t]o begin a consultation about seeking an Attorney General opinion, the Officer or Designee should electronically provide … c) a list of all possible exceptions the institution believes may apply; …" UTS 139 Sec. 11.3. To the contrary, as I explained in my opening brief pg. 21-22 of 53, the University never identified any exception to mandatory disclosure and its own Exhibit A clearly and convincingly leaves the exemptions portion blank, unselected even on January 3, 2024, when U.T. System authored its falsified and fabricated final brief. The December 19, 2023, letter, SuppCR 614-615 is not proof that the University selected any exception as required by Office of Attorney General in the 2024 Texas public Information Handbook. The letter never invoked any duty

on the attorney general, and we can read in open record opinion OR2024-007930 the attorney general did not rule on all exceptions or any exception found in the TPIA. The December 19, 2023, letter is certainly not an establishment that any future federal competition is set to take place. These are all genuine issues of material fact raised in the trial court that preclude not only the pleas to the jurisdiction, but the motion for summary judgment as well.

Supp. CR. 614, the December 19, 2023, letter, by The University of Texas System identifies itself as OGC# 213421, authored by Audra Gonzalez Welter, Assistant General Counsel. UT System letter OGC# 213421 is not proof that The University of Texas at Austin requested an attorney general decision. Consistent with the blank exemption portion of Exhibit A, the December 19, 2023, letter, did not select any exceptions from the TPIA for ruling. The letter performs a worthless operation of reserving of all exceptions which as they are written in Texas Statutes are already reserved. There was no selection of applicable exceptions on the December 19, 2023, letter toward information responsive to R005536-120223 at The University of Texas at Austin, and therefore no request for an attorney general decision on December 19, 2023. The December 19, 2023, letter by U.T. System must have acted as a covert signal of illegality requesting the Texas Attorney General to reinforce that illegality which he did and does now as advocate and witness.

As I began in my opening brief, The University of Texas at Austin never identified an exception to mandatory disclosure, nor did The University of Texas System. By a preponderance of the evidence, U.T. System chose to falsify an exception by omitting necessary fact elements and fabricate a request for an attorney general decision, simply to facilitate its illicit desire to illegally deny me the entitlement to complete information about The University of Texas at Austin. The University did not forward my request for an attorney general decision as defined by the Texas Public Information Act.

Pursuant to Texas Rule of Evidence 403, I request that Appellees statement of fact II, Appellees Brief pg. 5-6 be stricken as it does confuse the issues as 1) a request for ruling by a governmental body does not prove applicability of an exception, nor were there any exceptions selected and included with the December 19, 2023 letter to the attorney general, 2) Texas Rules of Civil Procedure 64 and 65 announce substituted instruments shall no longer be regarded and the amending instrument takes its place; since UT System did author a final brief and labeled it as such on January 3, 2024, it takes the place of any previous briefs, and 3) Texas Government Code § 552.326 prohibits U.T. Austin from introducing any exceptions it did not properly raise in its final brief to the attorney general. U.T Austin and the Texas Attorney General are attempting to confuse and delay by trying to claim The University identified all the exceptions as applicable to R005536-120223, when

open records opinion OR2024-007930, (SuppCR 622-623) did not analyze or apply a single exception. Furthermore, none of the comments submitted in OGC# 213421 final brief (SuppCR 618-621), sustained any exception found in the Texas Public Information Act nor its own falsified conclusory concoction.

## MORE FACTS

Judicial notice of adjudicative facts may be taken at any stage of the proceedings. Tex. R. Evid. 201(d). I supplement the statement of facts in my appellant brief with the following:

1. As a recipient of Federal assistance, the University of Texas at Austin is required to comply with the Federal Funding Accountability and Transparency Act of 2006 (FFATA) and therefore requires the application for the Center For Understanding Future Travel Behavior and Demand be made available to the public. Pursuant to https://www.transportation.gov/sites/dot.gov/files/docs/provisions_october_2012_0.pdf , pg. 5 (9.) Accessed by me 11/3/2025 4:04 A.M. This is the General Provisions of Grants for UTCs in 2012, last updated on Sunday, December 4, 2016, for the SAFETEA-LU Extension. This is a related writing, as it is transmitted by the United States through its Department of Transportation website, whose accuracy and reasonableness may not be questioned. There U.T. Austin was not a lead institute of higher education for any center.

2. Conspicuously, the 2012 UTC Grant Program under the SAFETEA-LU Extension, is not equal to the 2022 UTC Grant Program under the IIJA or Bipartisan Infrastructure Law, nor did the 2012 UTC Grant Program under the SAFETEA-LU recur every 5 years, or at all. Each program mandates a change in circumstances for all. An exhaustive list of all the changes will require an extension on the word limit for briefs in the appellate courts.

3. The University of Texas at Austin has not established that the 2012 UTC Grant Program under the SAFETEA-LU is set to recur in 2027. The University has not established that the 2022 UTC Grant Program under the IIJA is set to recur in 2027.

4. The University of Texas at Austin cannot intend to apply for the 2012 UTC Grant Program under the SAFETEA-LU in the year 2027. The University cannot intend to apply for the 2022 UTC Grant Program in the year 2027, nor any year thereafter.

5. On January 3, 2024, on March 4, 2024, on April 5, 2024, on October 28, 2024, on July 16, 2025, The 2022 UTC Program Grant Competition website, https://www.transportation.gov/utc/current-competition announced: "No UTC Program Grant Competition is Anticipated At This Time"

6. The Attorney General in OR2024-007930 did not apply Tex. Gov't Code § 552.104(a) to information responsive to R005536-120223, nor did the

attorney general provide any analysis of any provision of Tex. Gov't Code § 552.104(a) across the 2022 UTC Grant Program.

## INTRODUCTION

### I REQUEST CATEGORICALLY PUBLIC INFORMATION NOT CONFIDENTIAL BY LAW.

The unsworn declaration of Dr. Chandra Bhat provides proof the information requested of The University of Texas at Austin in R005536-120223 is categorically public information under Tex. Gov't Code § 552.022(a).

In R005536-120223, as referenced in Dr. Bhat's unsworn declaration, I request The Application to the 2022 UTC Competition, mandated under Bipartisan Infrastructure Law, for the Center for Understanding Future Travel Behavior and Demand. According to the unsworn declaration of Dr. Chandrasekhar Ramalinga Bhat, SuppCR 676-77, this application concerns federal grants 69A3552344815 and 69A35523448320; these sequences of numbers represent identifiers for accounts connected with the spending of public or other funds; contract numbers. The Application to the 2022 UTC Competition, by The University of Texas at Austin, for the Center for Understanding Future Travel Behavior and Demand concerns contract numbers 69A3552344815 and 69A35523448320. This Court may judicially notice these contract numbers as they are easily verified through public information such as the contents at URL:

https://rip.trb.org/View/2440047



The URL is toward a project identified by The University of Texas at Austin website for the Center located at the following URLs:

https://tbd.ctr.utexas.edu/research/projects/

https://tbd.ctr.utexas.edu/about/#progress-reports



Tex. Gov't Code 522.022 (3) defines information in an account, voucher, or contract relating to the receipt or expenditure of public or other funds by a governmental body to be categorically public information not excepted from required disclosure unless made confidential under this chapter or other law. Dr. Bhat does not define confidentiality for Texas; Dr. Bhat is not the law. Since all the information requested in R005536-120223 to the University concerns information in an account, voucher or contract relating to the receipt or expenditure of public or other funds by The University of Texas at Austin, the order below should be reversed and this case remanded for further proceedings and mandamus should issue for all the information

I requested during this lawsuit. Moreover, Tex. Gov't Code § 552.022 (5) describes all working papers, research material, and information used to estimate the need for or expenditure of public funds or taxes by a governmental body, on completion of the estimate, are also categorically public information. All information requested from the University in R005536-120223 are working papers, research material and information used for the expenditure of public funds.

## NARROW CONSTRUAL OF EXCEPTIONS REQUIRES DEFINING THE SITUATION AT ISSUE AS THE 2022 UTC PROGRAM GRANT COMPETITION.

Neither Dr. Bhat, The University of Texas, nor the Texas Attorney General have established the situation at issue, the 2022 UTC Program Grant Competition is set to reoccur in 2027 or any other time in the future.

Specifically, the United States Department of Transportation, through its 2022 Notice of Funding Opportunity, page 39of40 announces "no information is available at this time about the possibility of, or timeline for, any future UTC Program competitions". SuppCR 671. Dr. Bhat's analysis and subsequent "anticipation" for some event in the future cannot possibly be construed as establishing the 2022 UTC Program Grant Competition is set to reoccur. Unfortunately, Professor Bhat's unsworn declaration is incompetent. Neither has the January 3, 2024, final brief by U.T. System pointed to any evidence that the 2022 UTC Program Grant Competition has occurred every 5 years or will reoccur in 2027 or any other time in the future. The UTC Program Grant Competition requires future Congressional authorization

for which none exists. Even if there was future Congressional authorization establishing some future competition, Congress, through the U.S. Department of Transportation through its 2022 Notice of Funding, SuppCR 641 and 645 announces "… new grants will be managed as a separate entity from any previous grant(s)." These separate entities require separate letters of intent and separate applications, for which appellees have provided none, and therefore have not established "situation at issue is set to reoccur", or "demonstrable intent to enter the competitive situation again in the future." Specifically, UTC's require letters of intent, and appellees have not provided any. Furthermore, the "to enter … again" element of Tex. Gov't Code § 552.104(a) implies an "exit" at some previous time of a "particular … competition". This implies a discriminatory selection process of some activity separate from the entire gamut for this particular exception to apply.

## U.T. AUSTIN IMPERMISSIBLY CONFLATES ITS EMPLOYEE WITH ITSELF, THE GOVERNMENTAL BODY.

In its appellees brief pg. 31-32, U.T. Austin argues that I as a requestor cannot equate The University of Texas at Austin with its own officers. Borrowing that logic here, the University cannot therefore equate Dr. Chandra Bhat with The University of Texas at Austin. Therefore, the University cannot equate Dr. Bhat's erroneous claim that the 2022 UTC Program Grant Competition is set to reoccur in 2027 as the University establishing it is set to reoccur. Tex. Gov't Code § 552.104(a) requires "the governmental body establishes the situation at issue is set to reoccur…" But

even if the two were conflated, the situation at issue, the 2022 UTC Program Grant Competition, specifically announces "no information is available at this time about the possibility of, or timeline for, any future UTC Program competitions", in its Notice of Funding Opportunity. It is absurd to allow statements of Dr. Bhat or the University to take precedence over federal pronouncements. Since the University has failed to bring in any evidence of Congressional authorization of a future program grant competition, the University cannot meet the burden under Tex. R. Civ. P 166a(c) because it cannot satisfy the "establish the situation at issue is set to reoccur" element of Tex. Gov't Code § 552.104(a).

AS A GRANT RECIPIENT, THE UNIVERSITY OF TEXAS AT AUSTIN IS NOT AUTHORIZED TO ESTABLISH A REOCCURRENCE OF THE SITUATION AT ISSUE, THE 2022 UTC PROGRAM GRANT COMPETITION.

If we visit a related writing, the URL transportation.gov/utc/list-centers, we see a list of Congressional actions, SAFETEA-LU, SAFETEA-LU EXTENSION, MAP-21 UTCs, FAST Act UTCs and the IIJA UTCs, these are all reference to United States Congressional Acts. Here, neither the University or its President nor the Texas Attorney General have pointed to any Congressional activity establishing any UTC Program Grant Competitions in 2027 or any other time in the future. Conspicuously, Ken Paxton, Dr. Bhat, University of Texas at Austin do not appear on transportation.gov/utc/list-centers as establishing any grant competition or any federal awards. It follows, neither the University nor its President or the Texas

Attorney General has established the 2022 UTC Program Grant Competition is set to reoccur as they frivolously assert and therefore cannot sustain establishing "governmental body establishes the situation at issue is set to reoccur" nor sustain "demonstrable intent to enter into the competitive situation again in the future" of Tex. Gov't Code § 552.104(a). This court may judicially notice this. I never had a duty to respond to the ridiculousness of the pleas to the jurisdiction or motions for summary judgment.

NEITHER THE UNIVERSITY OR ITS PRESIDENT OR TEXAS ATTORNEY GENERAL HAVE SATISFIED THE "SPECIFIC AND DEMONSTRABLE INTENT" REQUIRED OF TEX. GOV'T CODE § 552.104(A), TO QUALIFY ITS APPLICABILITY TOWARD INFORMATION RESPONSIVE TO R005536-120223.

Specifically for the 2022 UTC Program Grant Competition, the Notice of Funding Opportunity, Page 37of40, SuppCR 669, announces "[o]nly Federal Fiscal Year 2022 funding and authorization are available at this time for new UTC Program grants." How the trial court could allow Dr. Bhat's "anticipation" to override the federal pronouncement and sustain the requirement of Tex. Gov't Code § 552.104(a) remains a mystery. Furthermore, specifically, the Notice of Funding Opportunity, Page 32of40, SuppCR 664, announces "[l]etters of intent should be submitted by 5:00 PM EDT, FRIDAY, JULY 1, 2022 … A letter of intent must be submitted to OST-R as a PDF attachment in an email, sent to UTCgrants@dot.gov". Pages 14-15of40 require applicants to "submit a letter of intent … any application not

preceded by a Letter of Intent submitted in the manner described here will be rejected." SuppCR 647. Nowhere below or here has any letter of intent been attached or described for any University Transportation Center Program, by The University of Texas at Austin, and certainly not one for any future dates. It follows, neither the University nor its President, nor the Texas Attorney General have satisfied the "demonstrable intent to enter …" requirement of Tex. Gov't Code § 552.104(a), because letters of intent are required of the UTC programs. Because the "situation at issue" requires letters of intent, the University, by not producing any letters of intent, have not established establishing, "the situation at issue is set to reoccur." Tex. Gov't Code § 552.104(a). Therefore, the University and its President have not established entitlement to summary judgment because it did not provide any relevant evidence sustaining the applicability of any exemption of mandatory disclosure toward information responsive to R005536-120223. I never had a duty to respond to the October 28, 2024, plea to the jurisdiction and motion for summary judgment, I never had a duty to respond to the April 24, 2025, pleas to the jurisdiction and motions for summary judgment, they were filed simply to harass and deny me discovery requests and to deny the entitlement of in-camera review. Travis County Trial courts did deny me a fair trial as their rulings were made without any guiding principles whatsoever. I would demand a reversal and remand of the order signed below and a transfer of this case to Houston, as Houston is closer to travel than Austin.

BECAUSE THE UNIVERSITY OF TEXAS AT AUSTIN AND ITS PRESIDENT, AND THE TEXAS ATTORNEY GENERAL FAIL TO PROVIDE ANY RELEVANT EVIDENCE SUSTAINING ANY EXEMPTION TO MANDATORY DISCLOSURE TO INFORMATION RESPONSIVE TO R005536-120223 AT THE UNIVERSITY, SOVEREIGN IMMUNITY DOES NOT BAR MY MANDAMUS CLAIM AGAINST THE UNIVERSITY, AND MY CLAIM IS VIABLE. APPELLEES' BRIEF ARGUMENTS IV AND V ARE THUS BOGUS, AND ALL THEIR CONTENTIONS HERE AND BELOW MADE TO HARASS, DELAY, AND CONFUSE, TO ILLEGALLY DENY MY ENTITLEMENT TO COMPLETE INFORMATION ABOUT THE UNIVERSITY OF TEXAS AT AUSTIN.

Exhibit A, SuppCR 605-611, filed April 24, 2025, with the First and Second Amended PTJ and SJM, is the same Exhibit A filed on October 28, 2024, for which I did file a timely objection on November 25, 2024, Cr 3-8, as it does fail Texas Best Evidence Rule and therefore inadmissible. Further, Exhibit A is not relevant to establishing applicability of Tex. Gov't Code § 552.104(a) toward information responsive of R005536-120223. Exhibit A does not select any exception to mandatory information disclosure found in the Texas Public Information Act. This fact is clear and convincing and beyond a reasonable doubt. Exhibit A cannot be both a "screenshot" and a "print" version of the University's Public Information webpage as appellees state in their brief page 48. Screenshots consist of colors other than the black and white of "print" materials, and shapes other than straight lines and the alphabets. Colors and shapes convey more information than just the black and white image. We can detect lots more information by looking at the screenshots submitted less than 24 hours before the hearing on the plea to the jurisdiction and motion for

summary judgment in SuppCR 753-762, which does include more text, colors and shapes conveying a lot more information than Exhibit A. Appellees claim in their footnote that 9 actual pages of screenshots, SuppCR 753-762, have nothing of significance. That is a boldface lie; Appellees would not have taken the time and energy to obscure the drop down arrows and whitewash all the information in their fabricated "print version" if there did not exist anything of importance. In fact, Appellees submit the same incompetent argument that "webpage information is unintended … insignificant …." Appellees brief page 48. Why would The University of Texas at Austin spend money to maintain unintended insignificant information? This sounds like waste, fraud, and abuse. Again, appellees and the Texas Attorney General's arguments are outside the realm of reason requiring abandonment of the most basic civic lessons, literary comprehension. Yes, I was denied a fair trial in order to maintain the University's waste, fraud, and abuse.

SuppCR 753-762 identifies R005536-120223 at the University, as associated with business contracts. SuppCR 756. The University have selected the radio box "Business Contracts". No additional information about exemptions or confidentiality was communicated in the screenshots of the webpage.

Information in an account, voucher, or contract relating to the receipt or expenditure of public or other funds by a governmental body is described categorically as "public information" and not excepted from required disclosure

unless made confidential under this chapter or other law. Tex. Gov't Code § 552.022 (3).

## ARGUMENT AND AUTHORITIES

### JURISDICTIONAL ARGUMENTS ARE NOT WAIVED ON APPEAL.

Binding on this court is the opinion in *Alamo Heights Ind. Sch. Dist. v. Clark*, 544 S.W.3d 755, 2018 Tex. App. LEXIS 271**, 2018 WL 1692367, (Tex. 2018), where it was decided that all the elements of a Texas Commission on Human Rights Act (TCHRA) claim are jurisdictional facts. There, all the elements of a statutory waiver of governmental immunity were said to be jurisdictional elements and to survive a jurisdictional plea, some evidence of a fact issue should be presented. Id. Furthermore, jurisdictional arguments concerning an immunity waiver cannot be waived and may be raised for the first time on appeal. *San Antonio Water Sys. v. Nicholas*, 461 S.W.3d 131, 2015 Tex. LEXIS 344 **. Likewise, here, Appellees have parked their immunity claims inside a garage of irrelevant evidence housed against an errant Travis County. Appellees classify their irrelevant evidence; a letter published by U.T. System on December 19, 2023 (SuppCR 614-615); a letter published by U.T. System on January 3, 2024 (SuppCR 618-621); and an attorney general opinion (SuppCR 622-623); and the rest, as jurisdictional. Appellees' Brief pg. 21-22. Appellees have couched all their defenses inside a plea to the jurisdiction. Consequently, any reply to these alleged jurisdictional elements allowed by Tex. R.

App. P 38.3 are also jurisdictional and cannot be waived and may be raised for the first time on appeal. *San Antonio Water Sys. v. Nicholas*, 461 S.W.3d 131. Like in *Alamo*, I have alleged a statutory waiver of immunity, Tex. Gov't Code § 552.321(a), against The University of Texas at Austin, a state agency, for which it responded with a plea to the jurisdiction and motion for summary judgment that was erroneously granted by Travis County District Courts. Further, a reference to a subtitle, subchapter, subsection, subdivision, paragraph, or other number or lettered unit without further identification is a reference to a unit of next larger unit of the code in which the reference appears. Tex. Gov't Code § 311.006(2).

## THE TRIAL COURT DID ERR AS A MATTER OF LAW BECAUSE PREREQUISITES FOR SUIT FOR MANDAMUS AGAINST THE UNIVERSITY OF TEXAS AT AUSTIN WERE AND ARE MET.

Binding on this court and below is the decision in *Kallinen v. City of Houston*, 462 S.W.3d 25 (Tex. 2015), where the Texas Supreme Court opines that under the Texas Public Information Act, relegating mandamus relief toward an Attorney General decision, would render unreviewable circumstances, violating the duty of statutory interpretation. And Tex. Gov't Code § 552.321(a) provides a 3 scenario waiver to governmental immunity enumerating: "[a] requestor or the attorney general may file suit for a writ of mandamus compelling a governmental body to make information available for public inspection if the governmental body **[A]** refuses to request an attorney general's decision … or [B] refuses to supply [1] public

information or [2] information that the attorney general has determined is public information that is not excepted from disclosure. Id at 27. Two persuasive opinions and binding below are that of *Muir v. Univ. of Tex. at Austin*, 2023 Tex. App. LEXIS 4407*, 2023 WL 4110843, and *City of Georgetown v. Putnam*, 646 S.W.3d 61, 2022 Tex. App. LEXIS 1984 **, 2022 WL 883856 where a requestor, like me, may seek a writ of mandamus compelling the governmental body to release information that the requestor believes the governmental body is wrongfully withholding. *Putnam* at 69. In *Muir v. Univ. of Tex. at Austin*, 2023 Tex. App. LEXIS 4407*, 2023 WL 4110843, Austin 3rd Court of Appeals maintained that allegations showing that The University of Texas at Austin is withholding information from a Texas citizen requestor, waives sovereign immunity for the University and subject matter jurisdiction is granted under Tex. Gov't Code § 552.321(a). As here, I a requestor has shown, and the University has stipulated it is withholding information and thus the trial court had enough information to deny the plea to the jurisdiction by the University and of its President. Following the *Kallinen* court, in *Muir*, the 3rd Court of Appeals opined that "when a governmental body … asks the Attorney General for an opinion as to whether the withheld information is excepted from disclosure under the PIA" is sufficient to establish the "refuses to supply public information" prerequisite for mandamus relief. It does not matter if the information withheld is allegedly excepted or allegedly confidential before final judgment for the waiver

under Tex. Gov't Code § 552.321(a) to be activated. For these reasons, I request this court to reverse the granting of the plea to the jurisdiction of The University of Texas at Austin and issue a declaration that Travis County District Courts possess jurisdiction to determine the merits of my mandamus claim against the University.

## UNDER AN ABUSE OF DISCRETION STANDARD, A TRIAL COURT ABUSES ITS DISCRETION WHEN ITS DECISION IS ARBITRARY, UNREASONABLE, AND WITHOUT REFERENCE TO GUIDING PRINCIPLES.

At the July 15, 2025, plea hearing, The University and the Attorney General, through Rachel Behrendt announced, "one of the defendants here, UT Austin, has been withholding certain information requested from it by … Mr. Ford", RR 10, "[a]nd then finally … Section 552.321, which permits a requestor for information to petition for a writ of mandamus for …withholding the requested information", RR 11." Persuasive precedent has held that through simply withholding of information is enough to waive sovereign immunity of the governmental body, supplying trial courts with subject-matter jurisdiction, under Tex. Gov't Code § 552.104(a) "refuses to supply public information provision" irrespective of any attorney general ruling. The trial court had enough information under the guidance of *Muir* to deny the plea to the jurisdiction of U.T. Austin as I requested. The trial court prejudicially refused without publishing any reasoning.

Under an abuse of discretion standard, a trial court abuses its discretion when its decision is arbitrary, unreasonable, and without reference to guiding principles. *In re Tex. Dow Emps. Credit Union*, 2024 Tex. App. LEXIS 2110*, 2024 WL 1301212. Travis County District Courts did abuse their discretion by not ruling on my discovery motions and allowing inadmissible hearsay by The University of Texas at Austin. Travis County District Courts did abuse their discretion because the University never met the burden under Texas Rules of Civil Procedure 166a(c) and cannot meet that burden. The University never supplied notice of its no evidence motion for summary judgment and did fail prerequisites to the granting of a motion for summary judgment. Travis County District Courts fundamentally erred in granting the University's second amended plea to the jurisdiction and motion for summary judgment.

### AFTER 600 AND MORE DAYS, WITHOUT RELEASING ALL CATEGORICALLY PUBLIC INFORMATION RESPONSIVE TO R005536-120223, THE UNIVERSITY HINGES ITS DEFENSE ON A LIES.

Appellees state on page 49 of their brief, "[n]or does the correspondence between UT Austin and Ford that is the intended subject of Exhibit A even discuss any exemptions to disclosure. Supp. CR. 605-611." The only reason this Court could sustain such a lie is if this Court intends on maintaining the fraud by The University of Texas at Austin. Just a quick examination of Exhibit A reveals it begins listing activities of the University documented by the University such as 'Academic

Department Routing', Administrative Department Routing', Activity Actions and Instructions', Legal' and others. None of that information even qualifies as correspondence between me, as the requestor, and the governmental body, here U.T. Austin. Appellees state on page 48 of the brief, that this additional webpage information is insignificant, irrelevant, and inapposite. Then there was no need for the University to create it in the first place. But Appellees also state on page 49, this intended correspondence is also the internal document management system of U.T. Austin. Nevertheless, the fact that Tex. Gov't Code § 552.301(e-1) requires the University to correspond about applicable exceptions to not only me as the requestor, but also the Texas Attorney General. The University is correct in that none of Exhibit A sustains application of Tex. Gov't Code § 552.104(a) across information responsive to the request. None of the University's submitted exhibits sustain application of Tex. Gov't Code § 552.104(a) across information responsive to the request.

Appellees anchor their lies around an assertion that "UT defendants have still demonstrated a specific and demonstrable intent to enter into the competitive situation again in the future…" Appellees Brief pg. 52. On pages 25-26 of their brief, Appellees delineate Tex. Gov't Code § 552.104(a) into 3 separate exemptions. In the trial court below, defendants had never been this specific, nor did they state the elements to which there are no genuine issues of material fact as to a "demonstrable

intent to enter into the 2022 UTC Program Grant Competition in the future". A genuine issue of material fact is in the date 2022 itself. A genuine issue of material fact is that the University has not produced a letter of intent, neither has Dr. Bhat, nor the Texas Attorney General. Currently Texas case law is absent any consideration of Tex. Gov't Code § 552.104(a) as it exists currently, and so appellees could not point to any opinion that perform their three part delineation. But the University never pointed out specifically that there was not any genuine issue of material fact towards what it claims it relied on. This reply points out the most obvious issues of material fact, including that none of the evidence provided by the University is relevant in applying Tex. Gov't Code § 552.104(a) in any capacity. The January 3, 2024, final brief by U.T. System, SuppCR 618-621, does not establish that the 2022 UTC Program Grant Competition is set to reoccur, simply because it does not point to any Congressional Activity that has set it. SuppCR 618-621 is not relevant to establishing applicability of Tex. Gov't Code § 552.104(a) to information responsive to R005536-120223. SuppCR 618-621 is not admissible because the University of Texas at Austin never submitted any exceptions in its information management system or Exhibit A. Since there does not exist even a letter of intent for the 2022 UTC Program Grant Competition, SuppCR 760, "OSP does not have one on file", there is no demonstrable intent to enter into the 2022 UTC Program Grant Competition any time in the future; it requires a letter of intent. The University of

Texas cannot possibly sustain any application of Tex. Gov't Code § 552.104(a) to any information responsive to R005536-120223. Mandamus should issue for all information responsive to R00536-120223.

Binding on the trial court below and persuasive here is the opinion in *B.W.B v. Eanes Independent Sch. Dist.*, 2018 Tex. App. LEXIS 223, 2018 WL454783, where a requestor, a father, was held to possess a private right of action, and the school district's sovereign immunity waived under Tex. Gov't Code § 552.321(a), when the father requestor filed for a writ of mandamus against Eanes Independent School District for the compelling of access to public information. In the trial court below, I similarly requested mandamus relief under Tex. Gov't Code § 552.321(a) against an educational institution, The University of Texas at Austin, in my First Amended Original Petition, SuppCR 38-9, and in my Second Amended Original Petition, CR 140, where I emphasized in bold WRIT OF MANDAMUS (UT Austin). At the July 15, 2025, plea hearing, The Attorney General argues that my cause of action would fall under mandamus against The University of Texas at Austin. RR 11. The Attorney General asserts that the main issue "is going to be the mandamus, petition for mandamus." RR 11. At the hearing I ask the trial court to deny the plea to the jurisdiction, RR 35, based off the First and Second Amended Plea to the Jurisdiction stipulating that Texas Government Code § 552.321 gives a requestor, like me, a private right of action, against the governmental body, for withholding what the

requestor contends is public information. Here, because that waiver has never been opined to depend on an Attorney General Open Records Decision, I request this court to adopt and apply the opinion in *B.W.B v. Eanes Independent Sch. Dist.*, 2018 Tex. App. LEXIS 223, 2018 WL454783, and reverse the granting of the Plea to the Jurisdiction of both The University of Texas at Austin and of its President. The trial court had all the information it needed to deny the plea and refused without any reference to any guiding principle whatsoever.

Specifically for the 2022 UTC Grant Program, neither the Attorney General, nor The University of Texas or its President have established that the 2022 UTC Grant Program is "set to reoccur" nor can they establish this fact element of Tex. Gov't Code § 552.104(a). Specifically for the 2022 UTC Grant Program, the solicitation by the United States Department of Transportation, the Notice of Funding, attached in the appendix of my opening brief, states on page 39of40 "… no information is available at this time about the possibility of, or timeline for, any future UTC Program competitions" Not only did I plead this, I requested the trial to take judicial notice as these are facts not reasonably questioned.



*Screen capture of Clerks Record Page 41.*

I was denied a fair trial. I would have requested the December 19, 2023, brief to the attorney general stricken a long time ago, but I could not even compel the trial courts to rule on my discovery requests. The trial courts were so intent on denying me a fair trial and made it impossible for me to get any rulings and thus nothing to appeal, placing me in a constant reactionary state toward the University and its President. The December 19, 2023 letter by the University System, should be struck as the Texas Rules of Civil Procedure provide that any amended instrument takes the place of that which is superseded and thus the January 3, 2024 final brief by U.T. system to the Texas Attorney General takes the place and supersedes the December 19, 2023 brief, and therefore all exceptions found in the TPIA are not relevant to this suit.

Furthermore, the December 19, 2023, brief or letter, did not place any burdens or obligations on the attorney general, nor did the attorney general analyze or apply all the exceptions on OR2024-007930, neither did U.T. System analyze or provide any comment toward all or any exception in the final brief to the attorney general.

U.T. Austin and its President fails to show that my pleadings affirmatively negate jurisdiction.

Here in Austin, the Third Court of Appeals has opined that Tex. Gov't Code § 552.321(a) defines three separate scenarios that grant judicial review of public information controversy when private citizens, like me, are not given access to public information from a Texas educational institution. See *B.W.B v. Eanes Independent Sch. Dist.*, 2018 Tex. App. LEXIS 223, 2018 WL454783. Furthermore, all that is required to waive immunity under Tex. Gov't Code § 552.321(a), is contention by a requestor, such as myself, that information withheld by a governmental body, such as the information responsive to R005536-120223, is public. See *Texas State Bd. of Veterinary Med. Exam'rs v. Giggleman*, 408 S.W.3d 696, 699 (Tex. App.—Austin[3rd.] 2013, no pet.) (stating [Section 552.321] waives sovereign immunity so as to permit a requestor to file suit for a writ of mandamus if a governmental body refuses to supply information that the requestor contends is public). My appellate briefs here, and all my pleadings below have been contending

that all information responsive to R005536-120223 to The University of Texas at Austin is public, not to be withheld.

Replying to Appelles Br. 45-50, ¶ VI, U.T. Austin did not supply admissible evidence sustaining Tex. Gov't Code § 552.104(a) against any information responsive to R005536-120223.

## CONCLUSION AND PRAYER

I addressed every aspect of Tex. Gov't Code § 552.104(a) and described to Travis County trial courts with the evidence, how the factual elements disqualified application of the exemption to information responsive to R005536-120223 at the University. Since the University is refusing to disclose the information after more than 600 days, well beyond the limit of when access to public information is to be afforded, the University is withholding public information, and immunity from suit is waived under Tex. Gov't Code § 552.321(a), under the refuses to supply public information provision, and as I have argued, the University's refusal to request an attorney general's decision as provided by Subchapter G. And, since the University is limited to arguing Tex. Gov't Code § 552.104(a) by Tex. Gov't Code §§ 552.326 and 552.224, due process and proper application of precedent, requires this Court to reverse and remand the order below. None of Appellees' Exhibits A-J establish that the 2022 UTC Program Grant Competition is set to reoccur nor do any demonstrate a specific intent to enter into the 2022 UTC Program Grant Competition in the future.

It was error for the trial court to grant the plea to the jurisdiction of The University of Texas at Austin. It was error for the trial court to grant the plea to the jurisdiction of the President of U.T. Austin. It was error for the trial court to grant the motion for summary judgment in favor of The University of Texas at Austin.

I, Whittney Ford respectfully request this Court to declare Travis County District Courts with subject matter jurisdiction to try my mandamus claim against The University of Texas at Austin, for a declaration that I be allowed to replead an ultra vires suit against the President of U.T. Austin and reverse and remand the order below. In the alternative, this Court has the power to deliver the writ of mandamus outright.

Respectfully submitted,

Dated: November 20, 2025

By: /s/ Whittney Ford

WHITTNEY FORD
PRO SE
4151 WELLBORN ROAD, APT#1101A
BRYAN, TEXAS 77801
(979) 264 – 4944
WJACKSONFORD@GMAIL.COM

## CERTIFICATE OF COMPLIANCE

In compliance with Texas Rule of Appellate Procedure 9.4(i)(2), this long reply brief contains 7,749 words, including the portions of the brief exempted by Rule 9.4(i)(1). 14-point font, in Microsoft Word.

_____/s/ Whittney Ford_____

WHITTNEY FORD

## CERTIFICATE OF SERVICE

In accordance with Rule 21 of Texas Rules of Civil Procedure, I Whittney Ford certify that a copy of this Reply Brief was served on The University of Texas at Austin and its President through their counsel, via email, via EFILETEXAS.GOV, on November 20, 2025, at the email addresses below:

Rachel L. Behrendt
Texas Bar No. 24130871
Assistant Attorney General
P.O. Box 12548, Capitol Station
Austin, Texas 78711-2548
Telephone: (512) 475-4112
Facsimile: (512) 320-0667
Rachel.Behrendt@oag.texas.gov

Zachary Rhines
Texas Bar No. 24116957
Special Counsel
Special Litigation Division
Office of the Texas Attorney General
P.O. Box 12548 (MC 009)
Austin, Texas 78711-2548
Telephone: (512) 696-8186
Facsimile: (512) 457-4410
Zachary.Rhines@oag.texas.gov

*Attorneys For U.T. Austin and
Its President*

_____/s/ Whittney Ford_____

WHITTNEY FORD

# Automated Certificate of eService

This automated certificate of service was created by the efiling system. The filer served this document via email generated by the efiling system on the date and to the persons listed below. The rules governing certificates of service have not changed. Filers must still provide a certificate of service that complies with all applicable rules.

Envelope ID: 108285354
Filing Code Description: Response
Filing Description: reply_brief
Status as of 11/20/2025 1:01 PM CST

Associated Case Party: The University of Texas at Austin

| Name | BarNumber | Email | TimestampSubmitted | Status |
|------|-----------|-------|--------------------|--------|
| Zachary Rhines | 24116957 | zachary.rhines@oag.texas.gov | 11/20/2025 12:51:02 PM | SENT |
| Martin Cohick | 24134042 | martin.cohick@oag.texas.gov | 11/20/2025 12:51:02 PM | SENT |
| Rachel Behrendt | 24130871 | rachel.behrendt@oag.texas.gov | 11/20/2025 12:51:02 PM | SENT |

Case Contacts

| Name | BarNumber | Email | TimestampSubmitted | Status |
|------|-----------|-------|--------------------|--------|
| Wolfgang P.Hirczy de Mino | | wphdmphd@gmail.com | 11/20/2025 12:51:02 PM | SENT |
| Tristan AGarza | | tristan.garza@oag.texas.gov | 11/20/2025 12:51:02 PM | SENT |
| Ariana Ines | | ariana.ines@oag.texas.gov | 11/20/2025 12:51:02 PM | SENT |

Associated Case Party: Whittney Ford

| Name | BarNumber | Email | TimestampSubmitted | Status |
|------|-----------|-------|--------------------|--------|
| Whitney Ford | | wjacksonford@gmail.com | 11/20/2025 12:51:02 PM | SENT |